Michael R. Lozeau (State Bar No. 142893)
Douglas J. Chermak (State Bar No. 233382)
E-mail: michael@lozeaudrury.com
doug@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Tel: (510) 836-4200
Fax: (510) 836-4205

Arthur Pugsley (State Bar No. 252200)
Melissa Kelly (State Bar No. 300817)
E-mail: arthur@lawaterkeeper.org
melissa@lawaterkeeper.org
LOS ANGELES WATERKEEPER
120 Broadway, Suite 105
Santa Monica, CA 90401
Tel: (310) 394-6162
Fax: (310) 394-6178

Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY FIBERS, INC., a corporation,<br><br>Defendant. | Case No. 2:17-cv-05960<br><br>**NOTICE OF RELATED CASES**<br><br>Local Rule 83-1.3 |

Please take notice that the present action is related to the action entitled *Jorge Ramirez v. City Fibers, Inc.*¸ Case No. 2:17-cv-01300-AB-AGR ("*Ramirez*"). That case involves a citizen suit action seeking to enforce the Clean Water Act at Defendant City Fibers, Inc.'s ("City Fibers") industrial facility located at 3033 East Washington Blvd. in Los Angeles, CA ("Facility"). The following describes how the cases are related under the factors set forth in Civil Local Rule 83-1.3:

a) The cases arise from the same or a closely related transaction, happening, or event.

The *Ramirez* case seeks to enforce the terms of City Fibers' National Pollutant Discharge Elimination System ("NPDES") Permit at the Facility. NPDES Permit coverage for the Facility began on December 23, 2014. The present action, *inter alia*, is a citizen suit seeking to enforce the same NPDES Permit at the same Facility over the same period of time. Both cases include similar allegations that City Fibers violated various aspects of its NPDES Permit at the Facility. Specifically, these alleged violations include violations of various Prohibitions set forth in the NPDES Permit, failure to develop and implement an adequate Storm Water Pollution Prevention Plan required by the NPDES Permit, and failure to develop and implement an adequate monitoring and reporting program required by the NPDES Permit. The cases also have the same exact defendant.

b) The cases call for determination of the same or substantially related or similar questions of law and fact.

Both the *Ramirez* case and the present case relate to storm water discharges and storm water management practices of City Fibers at the Facility. Both cases

involve an analysis of the Clean Water Act with respect to City Fibers' compliance with its NPDES Permit. While the present case also includes allegations involving other facilities owned and or operated by City Fibers, with respect to the City Fibers' Facility at issue in the *Ramirez* case, the questions of law and fact will largely overlap.

c) If heard by a different judge, the cases would entail substantial duplication of labor.

Since the factual and legal issues concerning the Facility overlap and in certain instances are identical, since the cases relate to the same storm water discharges and storm water management practices at the Facility, if another judge heard the present case it would entail a substantial duplication of labor.

Respectfully submitted,

Dated: August 10, 2017

LOZEAU DRURY LLP

By: */s/ Douglas J. Chermak*
Douglas J. Chermak
Attorneys for Plaintiff
LOS ANGELES WATERKEEPER