Michael R. Lozeau (State Bar No. 142893)
Douglas J. Chermak (State Bar No. 233382)
E-mail: michael@lozeaudrury.com
         doug@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Tel: (510) 836-4200
Fax: (510) 836-4205

Arthur Pugsley (State Bar No. 252200)
Melissa Kelly (State Bar No. 300817)
E-mail: arthur@lawaterkeeper.org
         melissa@lawaterkeeper.org
LOS ANGELES WATERKEEPER
120 Broadway, Suite 105
Santa Monica, CA 90401
Tel: (310) 394-6162
Fax: (310) 394-6178

Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY FIBERS, INC., a corporation,<br><br>Defendant. | Case No. 2:17-cv-05960-AB-AGR<br><br>**JOINT RULE 26(f) REPORT**<br><br><br>Conference Date:  May 4, 2018<br>Time:  10:00 a.m.<br>Courtroom: 7B |

This Joint Rule 26(f) Report is submitted on behalf of Plaintiff Los Angeles Waterkeeper ("Waterkeeper") and Defendant City Fibers, Inc. ("City Fibers") in accordance with Federal Rule of Civil Procedure 26(f) and  Local Rule 26-1 and Judge André Birotte Jr.'s January 3, 2018 Order Setting Scheduling Conference.

By way of background, this case involves claims by Waterkeeper that City Fibers has allegedly violated the Clean Water Act and more specifically City Fibers' general industrial storm water permit for City Fibers' industrial facilities located in Los Angeles and North Hills, California (the "Facilities").  City Fibers disputes these allegations.

### a.  Statement of the Case

This case involves allegations by Waterkeeper that City Fibers has violated the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq.* (the "Clean Water Act") and the general industrial storm water permit (the "General Permit") for four of City Fibers' industrial facilities located in Los Angeles and North Hills, California (the "Facilities").  More specifically, Waterkeeper raises the following claims against City Fibers: (1) failure to implement Best Available Technology Economically Achievable ("BAT") and Best Conventional Pollutant Control Technology ("BCT") for the Facilities' storm water discharges, (2) discharges of contaminated storm water in violation of the General Permit and the Clean Water Act, (3) failure to prepare, implement, review and update adequate storm water pollution prevention plans ("SWPPP"), and (4) failure to develop and implement an adequate monitoring and reporting programs.

Defendant's position is that it has satisfied and continues to satisfy its

obligations under the Storm Water Permit and the CWA, including but not limited to, adherence to the substantive and procedural terms of the Storm Water Permit and the CWA, developing and implementing an adequate SWPPP, monitoring plans, and performing adequate sampling and monitoring of its discharges as required by the Storm Water Permit and the CWA.

Defendant contends that this citizen suit brought by Plaintiff has no merit as it provides no benefit to the public at large.

### b. Subject Matter Jurisdiction

Waterkeeper asserts subject matter jurisdiction pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (for actions arising under the laws of the United States).

In its Answer, Defendant asserts that Plaintiff's Complaint fails to establish jurisdiction.

### Legal Issues – Plaintiff's Statement

The key legal issues involved in this matter are: (1) whether City Fibers has violated and continues to violate the Clean Water Act, (2) whether City Fibers has violated and continues to violate the General Permit, (3) whether City Fibers has discharged and continues to discharge polluted storm water and non-storm water pollutants from the Facility in violation of the General Permit conditions, and (4) whether City Fibers has caused or contributed to and continues to cause or contribute to an exceedance of the water quality standards for the Los Angeles River.  There are no unusual substantive, procedural, or evidentiary issues. Plaintiff does not agree to Defendant's request to bifurcate the case into a liability and remedy phase.

Bifurcating the case, as proposed by Defendant, would unnecessarily prolong the litigation and burden the Court and parties with additional costs and repetitive procedures, effectively requiring two trials.

**Legal Issues – Defendant's Statement**

Defendant's position is that it has satisfied and continues to satisfy its obligations under the Storm Water Permit and the CWA, including but not limited to, adherence to the substantive and procedural terms of the Storm Water Permit and the CWA, developing and implementing an adequate SWPPP, monitoring plans, and performing adequate sampling and monitoring of its discharges as required by the Storm Water Permit and the CWA.

Defendant contends that this citizen suit brought by Plaintiff has no merit as it provides no benefit to the public at large.

Defendant requests that this Court bifurcate this action into a liability phase and remedy phase. This will streamline the liability phase as no resources will need to be spent on issues solely relevant to remedy. For example, under the CWA, the amount of a penalty for each violation is dependent on several factors, including the alleged seriousness of the violations and Defendant's economic benefit by allegedly not complying with the law. Both of these considerations likely involve expert testimony, but neither is relevant to the issue of liability.

**c. Parties, Evidence, etc.**

The parties involved in the above-captioned matter are Waterkeeper and City Fibers. At this time, Waterkeeper has no percipient witnesses to report. At this time, City Fibers has no percipient witnesses to report since discovery has not yet begun.

City Fibers maintains and reserves the right to name percipient witnesses as its investigation unfolds.  The key documents, include but are not limited to, are: (1) the General Permit, (2) City Fibers' annual reports for the Facilities, (3) City Fibers' SWPPPs for the Facilities, (4) City Fibers' storm water monitoring plan and monitoring implementation plans for the Facilities, (5) City Fibers' Annual Site Compliance Evaluations, (6) lab analyses for storm water samples and other sampling documents, (7) Site maps for the Facilities, (8) all Facilities' records required to be maintained by the General Permit, (9) all documents reflecting the installation and maintenance of storm water controls and BMPs at the Facilities, (10) all documents reflecting any corrective actions taken with respect to storm water controls at the Facilities, (11) all documents that Defendant believes are relevant to the fact that Defendant has satisfied and continues to satisfy its obligations under the Storm Water Permit and the CWA, and (12) all documents submitted to the State Water Board and Regional Water Board including documents that are uploaded to SMARTS.  This list is not exhaustive and additional key documents may arise during the course of discovery.  City Fibers has no subsidiaries, parents, and/or affiliates to identify for conflict purposes.

### d. Damages

There are no damages at issue in the present case.  Damages are not available to Plaintiff under the Clean Water Act.

### e. Insurance

At this time, City Fibers does not have insurance coverage applicable to this action.

#### f.  Motions

At this time, the parties do not anticipate the filing of any motions seeking to add other parties or claims, seeking to file an amended pleading or seeking to transfer venue.

#### g.  Dispositive Motions

Waterkeeper believes that all of its claims for liability may be determined by way of summary judgment.  Defendant contemplates filing a dispositive motion, and potentially motions to compel discovery.  Defendant also anticipates that there may be motions in limine regarding, including but not limited to, evidentiary issues and admissibility of expert reports and opinions.

#### h.  Manual for Complex Litigation

At this time, the parties agree that there is no need to designate this matter as "complex" or to utilize all or part of the procedures of the Manual for Complex Litigation.  The Parties, do however, note that due to the rain season this merits the extended briefing and schedule in the Discovery Plan below.

#### i.  Status of Discovery

Because the Parties have been diligently working together on settlement efforts, neither party has served any discovery requests in this matter.

#### j.  Discovery Plan

##### 1.  Subjects

###### i.  Plaintiff's Discovery Statement

To the extent discovery moves forwards, Waterkeeper will propound written discovery, seek to conduct site inspections of the Facilities, including during several

rain events, and anticipates taking depositions.  Waterkeeper would plan to serve City Fibers with requests for inspection of land and property, requests for production of documents, requests for admissions. and written interrogatories.  At this time, Waterkeeper anticipates the following subjects of discovery:

1. Information related to operations and maintenance at the Facilities;

2. Information related to actual and potential sources of pollutants to storm water at the Facilities;

3. Information related to storm water discharges from the Facilities, including when they occurred, where they occurred, the presence of pollutants, the volume of discharges, and other relevant information;

4. Information related to the storm water management measures that have been proposed or implemented at the Facilities;

5. Information related to any other pollutant discharges to water from the facility governed by the Facilities' General National Pollutant Discharge Elimination System ("NPDES") permit;

6. Information relating to City Fibers' interactions with the Los Angeles Regional Water Quality Control Board ("Regional Board") and/or State Water Resources Control Board ("State Board");

7. Waterkeeper intends to conduct sufficient site inspections in order to characterize storm water quantity and quality at the Facilities during the present wet season and to evaluate any implemented or other available storm water pollution management measures.

8.  Information relating to decisions by City Fibers' management and/or governing body relating to compliance with the requirements of the Clean Water Act;

9.  Information relating to the Clean Water Act's criteria for assessing civil penalties, including but not limited to City Fibers' financial information and its ability to pay civil penalties and install storm water management measures; and

10.  Information relating to the identity and responsibilities of all persons with information relating to any of the above categories of information.

ii.  **Defendant's Discovery Statement**

Defendant proposes that discovery be completed in two phases, consistent with bifurcation of the case into two phases – a liability phase and a remedy phase. Defendant proposes that the Parties conduct discovery regarding the penalty factors, in particular Defendant's financial information, subsequent to the liability phase, during discovery on the remedy phase of the case (if applicable). As such, Defendant specifically proposes that any discovery regarding Defendant's finances and/or any other penalty factors (if applicable), be postponed until after the Court has ruled on the question of Defendant's liability. Defendant anticipates conducting discovery on several topics that may be relevant to its affirmative defenses. Defendant also anticipates conducting discovery regarding written protocols for testing samples, including method of collection, maintenance and transportation of samples, splits, laboratory procedures, testing data, analyses, and the like.

Although Defendant has attempted to provide a thorough overview of the issues upon which it intends to focus its discovery efforts, the above list may be expanded as the Defendant's investigation unfolds. Defendant will use the discovery methods provided for in the Federal Rules of Civil Procedure, Local Rules, and/or relevant case law as necessary to ascertain whether Plaintiff has gathered any additional evidence that does not derive from the storm water pollution prevention plan or monitoring implementation plan. Defendant objects to Plaintiff's attempt to oversee operations at its facility and will not agree to multiple site inspections. Defendant will agree to one site inspection (in addition to the site inspection that Plaintiff has already conducted at the site under confidential settlement privilege) of identified areas on a mutually agreeable date and time subject to: (1) being provided with specification regarding the areas/equipment to be inspected; (2) being provided with specification regarding the method(s)/manner in which the inspection will take place, such as length of inspection, persons attending, collection methods, splits, tests, etc.; (3) being provided with specification in the inspection demand if there are vague and ambiguous terms regarding the definition(s) and scope of the inspection; (4) an executed protective order and/or confidentiality agreement that adequately protects Defendant's proprietary, confidential, or/or trade secret information; and (5) each person who enters the premises signs a sign-in sheet and a liability release/waiver.

## 2.  Limitations

Plaintiff requests that the Court increase to 50 the number of interrogatories that may be requested by each party.  At this time, Defendant does not seek any modifications of the discovery rules.

### 3. Phases

Plaintiff does not propose that discovery be conducted in phases or be limited to focus on particular issues.

Defendant proposes that discovery be completed in two phases, consistent with bifurcation of the case into two phases – a liability phase and a remedy phase. Defendant proposes that the Parties conduct discovery regarding the penalty factors, in particular Defendant's financial information, occur subsequent to the liability phase, during discovery on the remedy phase of the case (if applicable). As such, Defendant specifically proposes that any discovery regarding Defendant's finances and/or any other penalty factors (if applicable), be postponed until after the Court has ruled on the question of Defendant's liability.

### k. Discovery Cut-off

Plaintiff proposes a discovery cut-off date of May 30, 2019. Defendant agrees to this date as long as that schedule relates to the liability phase of this case only.

### l. Expert Discovery

At this time, the parties agree that expert witnesses will be retained and utilized in this case. As noted above, Plaintiff's proposed schedule for expert discovery is as follows:

i.    February 28, 2019 – Complete initial expert disclosures

ii.   March 28, 2019 – Complete rebuttal expert disclosures

iii.  May 30, 2019 – Expert discovery cut-off

Joint Rule 26(f) Report

Case No. 2:17-cv-05960-AB-AGR

Defendant agrees to the above dates as long as that schedule relates to the liability phase of this case only.  Defendant suggests that the parties have a status conference after the close of the proposed liability phase and set a schedule for the remedy phase.

### m. Settlement Conference / Alternative Dispute Resolution ("ADR")

The Parties have attempted to pursue a settlement agreement and have made progress on a potential settlement.  To facilitate settlement, on June 26, 2017, Waterkeeper conducted a confidential site inspection of the Facilities.  Since that time, the Parties have had numerous discussions regarding proposed settlement measures and have agreed on several key features that would comprise a consent decree.  During the past several months, the Parties have exchanged drafts of proposed consent decrees and hope to finalize their negotiations during the next few months.

Should the Parties be unable to reach a settlement agreement on their own, they believe that a mediation with a court-appointed neutral would be useful to finalize an agreement.  The parties have agreed on a mediator should this be necessary.  A mediation session would not be useful until approximately September 2018, as the parties would like to negotiate on their own prior to this point.

### n. Trial Estimate

City Fibers has requested a trial by jury on all issues triable to a jury.  The parties estimate that the trial of this case as to liability and remedy will take approximately 6 days.  As stated above, Defendant requests that this Court bifurcate the case into two phases – a liability phase and a remedy phase.  Waterkeeper does not agree to bifurcation of the case. Waterkeeper anticipates calling 4-5 witnesses during

the trial.  At this time, City Fibers anticipates calling 4-5 witnesses during the trial. Although the parties have attempted to provide a good faith estimate of the number of witnesses it anticipates calling at trial, the above numbers may change as the parties' investigation unfolds.

**o. Trial Counsel**

The names of the attorneys who will try the case for Waterkeeper are: Michael R. Lozeau and Douglas J. Chermak.  The names of the attorneys who will try the case for City Fibers are: William W. Funderburk, Jr and Ruben A. Castellon.

**p. Independent Expert or Master**

The parties agree that there is no need for the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

**q. Schedule Worksheet**

The parties direct the Court's attention to the completed Schedule of Trial and Pretrial Dates form attached to this Joint Rule 26(f) Report as Exhibit "A."  Defendant agrees to the dates on the worksheet as long as that schedule relates to the liability phase of this case only.  The parties note that the worksheet requests that the trial date be within 18 months after the Complaint is filed.  While the parties are confident that this case will not proceed to trial, as they are far along with settlement efforts, in the unlikely event that the settlement talks fall through, plaintiff will need to conduct discovery (including expert discovery) during the rainy months of the year.  This is because this case primarily involves storm water pollution and rain in the geographic area typically occurs through the end of March.  Therefore, the parties have requested a trial date that permits time for such discovery.

1

2

3   **r.  Other Issues**

4          The parties reserve the right to come back to the Court with any issues that arise

5   as this case proceeds through discovery.

6

7                                              Respectfully submitted,

8

9

10  Dated: April 20, 2018                      LOZEAU DRURY LLP

11

12                                             /s/ *Douglas J. Chermak*
                                               Douglas J. Chermak
13                                             *Attorneys for Plaintiff* LOS ANGELES
                                               WATERKEEPER
14

15

16

17  Dated: April 20, 2018                      CASTELLON & FUNDERBURK LLP

18

19                                             /s/ *William W. Funderburk, Jr.*
                                               (as authorized on 4/20/18)
20                                             William W. Funderburk, Jr.
                                               *Attorneys for Defendant* CITY FIBERS,
21                                             INC.

22

23

24

25

26

27

28